**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CERES MARINE TERMINALS,
INCORPORATED,
Petitioner,

v.

No. 96-2681

JOHN GEMMA; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(95-583-BRB)

Argued: October 31, 1997

Decided: January 22, 1998

Before WILKINSON, Chief Judge, MICHAEL, Circuit Judge,
and BUTZNER, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Thomas Cecilio Valkenet, YOUNG & VALKENET,
L.L.C., Baltimore, Maryland, for Petitioner. Gerald Francis Gay,
ARNOLD, BACOT, GAY & DARBY, P.A., Baltimore, Maryland,
for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Ceres Marine Terminals, Inc., appeals the entry of an order award-
ing benefits to its employee, John Gemma, under the Longshore and
Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. We
vacate the order and remand for rehearing.

Gemma sought compensation for permanent partial disability of his
right arm--a scheduled disability. See 33 U.S.C. § 908(c)(1) and (19)
(1994). Ceres claimed that Gemma injured his shoulder--a nonsched-
uled disability which requires that an employee prove that he suffered
a diminished earning capacity as a result of his disability. See 33
U.S.C. § 908(c)(21) (1994).

Gemma stipulated at the outset of the hearing that he would not
prove diminished earning capacity. The ALJ, however, after finding
that Gemma suffered an injury to his shoulder, found that he had suf-
fered a 5.4% diminution in earnings capacity as evidenced by the dif-
ference between his earnings and those of others of equal position and
seniority. The ALJ inferred that the earnings difference was causally
connected to Gemma's injury "in the absence of any other explana-
tion." Because Ceres' petition for review had been pending before the
Benefits Review Board for more than a year, the decision of the ALJ
was considered affirmed for the purpose of review in the court of
appeals. Omnibus Appropriations Act of 1996, Pub. L. No. 104-134,
110 Stat. 1321-219.

An ALJ may consider new issues prior to entry of a compensation
order and may in his discretion give notice that he will consider any
new issue. 20 C.F.R. § 702.336(b) (1997). Although this notice is dis-
cretionary, the ALJ abused his discretion here by failing to notify the
parties that he would consider an issue that Gemma's own stipulation
had removed from consideration at the hearing. The ALJ did not give

2

Ceres notice and, in effect, precluded it from offering a defense based on evidence of another explanation for Gemma's diminished earnings.

VACATED AND REMANDED

3